STATE of Indiana, Plaintiff-Appellant,

v.

Adrienne D. HARRIS, Liana M. Rabbitt, Judith A. Russo, and Paula J. Edwards, Defendants-Appellees.

No. 3–1181A297.

Court of Appeals of Indiana, Third District.

April 8, 1982.

James F. Korpal, Deputy Pros. Atty., South Bend, for plaintiff-appellant.

Charles A. Asher, South Bend, for defendants-appellees.

GARRARD, Judge.

This is a consolidation of four separate cases. The defendants were charged with public indecency, a Class A misdemeanor. IC 35–45–4–1(a)(3). Motions to dismiss were filed and overruled. The defendants were then tried by the court upon a stipulation of facts. Each was found not guilty.

The state brings this appeal asserting that the court must have found the statute [1] unconstitutional,[2] and urges us to reverse the judgments.

 The overriding problem is that appeals by the state in criminal cases are strictly limited to authorization by statute. *State v. Nichols* (1980), Ind., 412 N.E.2d 756. The pertinent statute, IC 35–1–47–2, as amended in 1981, provides:

"Appeals to the supreme court or to the court of appeals, if the court rules so provide, may be taken by the state in the following cases:

(1) From an order granting a motion to dismiss an indictment or information.

(2) From an order or judgment for the defendant, upon his motion for discharge because of delay of his trial not caused by his act, or upon his plea of former jeopardy, presented and ruled upon prior to trial.

(3) From an order granting a motion to correct errors.

(4) Upon a question reserved by the state, if the defendant is acquitted.

(5) From an order granting a motion to suppress evidence, if the ultimate effect of the order is to preclude further prosecution.

(6) From any interlocutory order if the trial court certifies and the court on appeal or a judge thereof finds on petition that:

(A) the appellant will suffer substantial expense, damage, or injury if the order is erroneous and the determination thereof is withheld until after judgment;

(B) the order involves a substantial question of law, the early determination of which will promote a more orderly disposition of the case; or

(C) the remedy by appeal after judgment is otherwise adequate."

 Thus, where there has been a judgment of acquittal the only appeal may be on a reserved question of law. No such question exists in these cases.

Appeal dismissed.

HOFFMAN, P. J., and STATON, J., concur.

---

**1.** Indiana Rules of Procedure, Appellate Rule 8.2(B)(4) directs that where the determination of the issues presented requires the study of a statute, the relevant portion of the statute should be set forth in the brief. The state's brief fails to comply.

**2.** Appellate Rule 4(A)(8) provides that the Supreme Court has exclusive jurisdiction of appealable cases where a state statute has been declared unconstitutional.