STATE of Indiana, Appellant,

v.

Donald G. NESIUS, Appellee.

No. 37A04–8904–CR–156.

Court of Appeals of Indiana,
Fourth District.

Jan. 23, 1990.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Office of Attorney General, Indianapolis, for appellant.

James R. Beaver, Halleck & Beaver, P.C., Rensselaer, for appellee.

MILLER, Judge.

The State appeals the judgment granting Donald G. Nesius's motion to dismiss the charges of driving while intoxicated and driving while suspended based on Nesius's successful motion to suppress evidence granted after a pretrial hearing. A police officer became suspicious and pulled Nesius's car over after observing Nesius stop at a cornfield, exit the car, reenter, and drive away. Although the police officer could not discern any apparent reason for such behavior, it is not disputed that Nesius's reason for stopping was in order to relieve himself. The trial court suppressed the evidence derived from the arrest and then granted Nesius's motion to dismiss for an insufficiency of the evidence.

We find error in the trial court's dismissal of the action based on the sufficiency of the evidence. Therefore, we reverse and remand in order that the State may proceed against Nesius upon any remaining non-suppressed evidence in its possession.

### Issues

I. Whether the trial court erred in granting Nesius's motion to suppress?

II. Whether the trial court erred in granting Nesius's motion to dismiss for an insufficiency of evidence?

### Facts

At about 11:30 p.m. on a rural road, County Road 170 West, in Jasper County, Indiana, police officer, Burgiss Hicks, saw Nesius's car stop on a rural roadway next to a cornfield. Hicks saw Nesius get out the driver's door and leave the vehicle. Hicks then drove toward the car, thinking it was disabled. As he approached, Hicks saw Nesius reenter his car and drive away. After Nesius had traveled about a half a mile further and stopped at a stop sign, Hicks pulled him over.

Hicks asked Nesius for his operator's license. A radiocheck revealed that Nesius's license was suspended. Hicks then arrested Nesius and parked his car in a nearby corn field. Hicks observed beer cans in the car and later smelled the odor of beverage alcohol on Nesius's breath. Nesius was also charged with driving while intoxicated/refusal to take the breathylizer test.

At the suppression hearing, Hicks conceded that he had no probable cause to believe an offense had been committed at the time he stopped Nesius. Hicks admitted that Nesius's behavior was "very possibly" consistent with lawful conduct—for example, repairing mechanical problems or looking for a lost hubcap. Hicks testified that he initially approached Nesius because he thought Nesius might have stopped because he was experiencing car trouble. He testified that he became suspicious when Nesius got back into the car and drove off as follows:

> But once I seen the individual get back into the vehicle knowing the area the way it is, I said why is—did that individual get out and get back in. What was he doing there.

He testified he was suspicious that Nesius might be getting out of his car to deposit or pick up contraband.

Hicks also testified that there had been recent gasoline thefts in the general area and an automobile theft had taken place approximately two and a half miles away in May of 1988. He stated there were extra patrols in the area as a result of thefts and burglaries.

### Decision
#### I. Suppression of Evidence

The trial court—in suppressing the evidence—must have found that the police action in stopping Nesius's car was an un-

reasonable seizure in violation of the Fourth and Fourteenth Amendments and Art. I, Sec. 11. of the Indiana Constitution, and that evidence flowing from Nesius's detention must be excluded at trial. The stopping of a single car upon the street constitutes a physical and psychological intrusion upon the occupants of it, interferes with freedom of movement, cause inconvenience and consumes time. *Rutledge v. State* (1981), Ind., 426 N.E.2d 638. The show of authority is unsettling and creates substantial anxiety. *Id.* Even a brief stop of an automobile and detention of its occupants constitutes a seizure. *Id.*

■ Under appropriate circumstances, the police may stop a vehicle to briefly investigate the possibility of criminal activity, without having probable cause to make an arrest. *Morgan v. State* (1981), Ind. App., 427 N.E.2d 14. The State concedes that in order to justify an investigatory stop, the police officer must be able to point to specific and articulable facts which, when considered together with the rational inferences drawn from those facts, create a reasonable suspicion of criminal conduct on the part of the vehicle's occupants. *Id.* Based on the totality of the circumstances, the detaining officer must have a particularized and objective basis for suspecting the particular person stopped of criminal activity. *U.S. v. Cortez* (1981), 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621.

■ The State argues that Hicks could properly pull over Nesius because he witnessed Nesius violate the following statute prohibiting parking on the highway:

(a) Upon any highway outside of a business or residence district, no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main traveled part of the highway when it is practicable to stop, park or so leave such vehicle off such part of said highway, but in every event, a sufficient unobstructed width of the roadway opposite a standing vehicle shall be left for the free passage of other vehicles shall be available from a dis-

tance of two hundred feet in each direction upon such highway.

(b) This section shall not apply to the driver of any vehicle which is disabled while on the paved or improved or main traveled portion of a highway in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving such disabled vehicle in such position. IND.CODE 9-4-1-112

It is not clear that Nesius violated the above statute. Officer Hicks did not testify that he pulled Nesius over for illegal parking. Instead, the State simply argues that Hicks was aware of facts indicating Nesius violated the above statute justifying Hick's stop. Hicks testified that he had no probable cause to believe an offense had been committed at the time he stopped Nesius. Hicks admitted that Nesius's behavior was "very possibly" consistent with lawful conduct. Instead, Hicks pulled Nesius over for behaving suspiciously.

■ The police officer's intent is one factor to be considered in determining the legality of an investigative stop. *U.S. v. Rodriguez*, 831 F.2d 162 (7th Cir., Ind. 1987), *cert. denied* 485 U.S. 965, 108 S.Ct. 1234, 99 L.Ed.2d 433. We do not believe the trial court erred by refusing to allow the State to supply—after the fact—a possible justification for the investigative stop not contemplated by the police officer at the time of the stop.

The facts that might justify Hick's investigatory stop are quite limited. Hicks observed Nesius park his car, get out, get back in, and drive away. He was also aware of recent gasoline thefts in the general area and an automobile theft that had taken place approximately two and a half miles away in May of 1988. He stated there were extra patrols in the area as a result of thefts and burglaries. As far as a reasonable suspicion that Nesius was picking up or dropping off contraband, at no time did Hicks testify that he saw anything in Nesius's hands.

To justify the investigatory stop, Hicks must be able to point to specific and articulable facts which, when considered together with the rational inferences drawn from

those facts, create a *reasonable suspicion* that Nesius was engaged in criminal conduct. *Morgan, supra.* Based on the totality of the circumstances, Hicks must have had a *particularized and objective basis* for suspecting Nesius of criminal activity. *U.S. v. Cortez, supra.*

In the present case, the trial court had to determine—within its discretion from a totality of the circumstances—whether Hicks's stop was justified under the law as we have set out above. The trial court, unlike this court, had the opportunity to observe Officer Hicks's demeanor during his testimony. We cannot reverse the trial court's exercise of discretion unless it is clearly against the logic and effect of the circumstances.

Important facts support the trial court's decision. 1) Officer Hicks admitted that Nesius's behavior was very possibly lawful. 2) Hicks's suspicions were not well founded. The facts which caused him to become suspicious of Nesius were: A) knowledge of gasoline thefts and an automobile theft—Nesius was on an isolated stretch of highway; no gasoline or automobiles were available for him to steal. At best, Hicks may have reasonably suspected Nesius of stealing corn or a fence post. B) knowledge of burglaries—there was no evidence that Nesius was near a house. Had Nesius behaved suspiciously, i.e. driven up to a house with his lights off, ample authority would have justified an investigatory stop. C) that Nesius might have stopped to drop off or pick up contraband in the cornfield—Hicks did not testify he saw anything in Nesius's hands, nor did he testify that in his experience, contraband dropoff points had ever been established long a rural highway.

We cannot conclude that the trial court erred by failing to find that the facts articulated by Hicks created a "reasonable" suspicion of criminal behavior. Nor are we convinced that the trial court erred in finding that Hicks did not have a "particularized and objective basis"—as opposed to a generalized and subjective basis—for suspecting Nesius of criminal behavior. Therefore, we do not find that the trial court abused its discretion in suppressing the evidence.

## II. Dismissal on the Sufficiency of Evidence

The trial court granted Nesius's motion to suppress the evidence. Then the trial court granted Nesius's motion to dismiss—presumably based on the insufficiency of any remaining nonsuppressed evidence. The State's right to appeal in criminal cases is governed by IND.CODE 35–38–4–2. In the present case, *two* subsections authorize the State's appeal. I.C. 35–38–4–2(1) & (5) which read as follows:

> Appeals to the supreme court or to the court of appeals, if the court rules so provide, may be taken by the state in the following cases:
>
> (1) From an order granting a motion to dismiss an indictment or information.
>
> \* \* \* \* \* \*
>
> (5) From an order granting a motion to suppress evidence, if the ultimate effect of the order is to preclude further prosecution.

The State impliedly concedes that the suppression order is fatal to its case. It asserts its right to appeal the present suppression order as follows: "[s]uch issues are reviewable on the State's appeal after the granting of a motion to suppress, '. . . if the ultimate effect of the order is to preclude further prosecution.' IC 35–38–4–2(5)"; *State v. Pease* (1988), Ind.App., 531 N.E.2d 1207.[1] (appellant's brief pp. 4, 5)

 Nevertheless, the State argues that the trial court erred in granting Nesius's motion to dismiss based on the sufficiency of the evidence. Sufficiency of evidence is to be decided at trial. *Hedrick*

---

1. In *Pease, supra,* after the trial court granted the defendant's motion to suppress, the State dismissed its action and took an appeal rather than seeking an interlocutory appeal on the motion to suppress. We held that there was no principled basis for distinguishing between final orders and interlocutory orders deemed final when both have the effect of precluding further prosecution. Accordingly, we allowed the State's appeal to proceed under the authority of I.C. 35–38–4–2(5) in spite of the fact that the State had dismissed its own action.

*v. State* (1982), Ind., 430 N.E.2d 1150. Motions to dismiss, before trial, directed to the sufficiency of evidence, are improper. *Id.*

The State is correct. The trial court did err by dismissing the action for an insufficiency of the evidence. Therefore, we must reverse and remand for trial.[2]

We reverse and remand in order that the State may proceed against Nesius on the basis of any remaining nonsuppressed evidence in its possession.

CONOVER and SULLIVAN, JJ., concur.

---

2. However, considering that the State impliedly concedes that the suppression order is fatal to its case, such error is probably harmless. We are at a loss to imagine what nonsuppressed evidence the State might possess to use against Nesius. Moreover, the State has not alleged that it is in possession of any nonsuppressed evidence against Nesius.

We considered a creative approach to the resolution of this case. We considered simply affirming the trial court and inviting the State to *allege* (not present) in a petition for rehearing that it was in possession of nonsuppressed evidence that could be used against Nesius. Then—in what we believe would be an unlikely event—if the State did allege such evidence in its petition, we would remand for trial. The writing judge believes this solution would best serve the interests of judicial economy and would be within our inherent authority to grant appropriate relief subject to conditions pursuant to Ind.Rules of Procedure. Appellate Rule 15(N)(6).