STATE of Indiana, Appellant
(Plaintiff Below),

v.

Gordon H. SPRINGMIER, Appellee
(Defendant Below).

No. 49A04–9001–CR–12.

Court of Appeals of Indiana,
Fourth District.

Aug. 28, 1990.

Ferd Samper, Samper, Hawkins, Atz & Cook, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

CHEZEM, Judge.

### Case Summary

Plaintiff/Appellant, State of Indiana, appeals the trial court's granting of Defendant/Appellee's motion to suppress. We reverse.

### Issue

Whether the trial court erred in granting the Defendant's motion to suppress.

### Facts

On August 10, 1989, a concerned citizen, using a car telephone, notified the Marion County Sheriff dispatch regarding a possible drunk driver; the citizen provided a description and the location of the vehicle. At approximately 9:07 p.m., Marion County Sheriff Deputy Daniel Maher was in the vicinity of 800 West Stop 11 Road when he received a dispatch regarding the driver who was driving erratically. Deputy Maher drove to that area and observed Defen-

dant's vehicle at Meridian Street and Meridian School Road; he followed and stopped Defendant in the 8200 block of south Meridian.

On August 11, 1989, Defendant was charged with operating a vehicle while intoxicated, operating a vehicle with .10% or more alcohol, and public intoxication. On October 17, 1989, a bench trial was held; Defendant was found not guilty of all three counts.

Further facts will be supplied as needed.

### Discussion and Decision

State argues the trial court erred in granting Defendant's motion to suppress.[1] We agree.

Automobile drivers are not divested of their Fourth and Fourteenth Amendment protections when they leave their homes and enter their automobiles. *Delaware v. Prouse*, 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979). Police officers may only search an automobile or seize occupants upon obtaining a warrant or upon having probable cause to believe a crime has been committed or is being committed by occupants of the vehicle. *Id.* However, a police officer may make an initial or investigatory stop of a person or automobile when the officer has a reasonable suspicion based upon specific and articulable facts, and rational inferences from those facts that the occupants are committing a crime or are about to commit a crime. *Id.; Adams v. Williams*, 407 U.S. 143, 146, 92 S.Ct. 1921, 1923, 32 L.Ed.2d 612 (1972) (a brief stop of a suspicious individual, in order to determine his identity or to maintain the status quo momentarily while obtaining more information, may be most reasonable in light of the facts known to the officer at the time); *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

Here, a concerned citizen contacted the police regarding a driver who was driving erratically on Meridian Street near Banta Road. The police dispatcher, in turn, informed Deputy Maher of a possible

---

1. The trial court reasoned that because Defendant was charged with misdemeanors which did not occur in Deputy Maher's presence, Deputy Maher did not have probable cause to stop or arrest Defendant.

drunk driver and relayed a description of the vehicle and direction of travel. Deputy Maher observed Defendant's vehicle at the intersection of Meridian Street and Meridian School Road and proceeded to stop the Defendant.

The information Deputy Maher received from the dispatcher provided Deputy Maher with reasonable suspicion based upon specific and articulable facts that the Defendant may have been committing a crime.

Defendant contends that since a citizen initially contacted the police, this case is distinguishable from *Snyder v. State* (1989), Ind.App., 538 N.E.2d 961. *Snyder* is distinguishable, but only to the extent that it addresses the legality of a roadblock. *Id.* (the act of a driver making a turn away from a sobriety roadblock is a specific and articulable fact which would allow a police officer to draw an inference sufficient to form a reasonable suspicion that the driver may be committing a crime and which would allow the officer to detain the driver without a warrant).

Defendant also attempts to distinguish *Heichelbech v. State* (1972), 258 Ind. 334, 281 N.E.2d 102. In *Heichelbech,* a police officer received a dispatch that the defendant was intoxicated and driving his car in the vicinity in which the officer was located. They encountered the defendant and followed him to a service station. The officer approached the defendant and asked the defendant for his driver's license, which he produced. The defendant had a strong odor of alcohol on his breath. The officer had the defendant take two physical skills tests, both of which indicated the defendant was intoxicated. Thereafter, the officer and the defendant engaged in a lengthy struggle in which the defendant resisted arrest; with the assistance of a second officer, the arrest was completed. The defendant contended that the officer had no right to arrest the defendant without a warrant since the offense for which the arrest was attempted was a misdemeanor, not committed in the presence of the officer. Our supreme court held:

... The record is not clear whether the attempted arrest was for public intoxication or for operating a motor vehicle while under the influence of intoxicating liquor. In either event, the evidence is clear that both offenses were committed in the officer's presence. The fact that the officer had not yet ascertained that the defendant was intoxicated at the time he saw him driving the vehicle in the public highway does not alter the fact that he did see him commit the offense. The officer was entitled to utilize all knowledge acquired prior to the arrest, including such as may have been acquired subsequent to the time he saw the offense committed, in determining whether or not what he had just observed did, in fact, constitute an offense.

Here, the trial court improperly concluded that the misdemeanors could not have occurred in the presence of Deputy Maher. Accordingly, the granting of Defendant's motion to suppress is reversed. However, double jeopardy considerations preclude retrial.

BUCHANAN, J., concurs.

MILLER, P.J., dissents with separate opinion.

MILLER, Presiding Judge, dissenting.

I would dismiss this criminal appeal because the relief requested by the state cannot be granted by this court. The state seeks a reversal and a new trial for the defendant. However, the defendant was found not guilty and it is elementary that a new trial would subject the defendant to double jeopardy.

The factual basis for my dissent is as follows: At trial the witnesses were sworn and the prosecutor presented his first witness, Deputy Daniel Maher. The officer described the circumstances surrounding the stop of the defendant, at which time, defendant's counsel moved to suppress any further testimony from the officer regarding what he found after the stop and any evidence of a breathalyzer test. The court granted the motion. Then the following occurred:

*"THE COURT:* Okay, do you want to proceed?

THE PROSECUTOR: We have no other evidence.

THE COURT: Okay, the Court finds Defendant not guilty." T.R. p. 41.

In its appellant's brief the state, in its "Statement of Jurisdiction" claims this court has jurisdiction of this cause "pursuant to the Indiana Rules of Procedure, Appellate Rule 4(B) and I.C. 35–38–4–2(5)." Appeals by the state are strictly limited to those appeals authorized by statute. *State v. Harris* (1982), Ind.App., 433 N.E.2d 399. Ind.Code 35–38–4–2 provides in pertinent part:

> Appeals to the supreme court or to the court of appeals, if the court rules so provide, may be taken by the state in the following cases:
>
>    \*     \*     \*     \*     \*     \*
>
> 4) Upon a question reserved by the state, if the defendant is acquitted.
>
> 5) From an order granting a motion to suppress evidence, if the ultimate effect of the order is to preclude further prosecution.

It is apparent that the state could have appealed under subdivision 4—a question reserved by the state—since the defendant here was acquitted. Subsection 5 applies when an order suppressing evidence occurs before trial and, in the absence of such evidence, the state cannot pursue prosecution. *State v. Williams* (1983), Ind., 445 N.E.2d 582; *State v. Johnson* (1987), Ind. App., 503 N.E.2d 431.

Here, as noted above, the state is seeking to appeal this case as an interlocutory type of appeal so that it might again proceed to try the defendant. The state seeks the following relief:

> "For the foregoing reasons, the Appellant, State of Indiana, respectfully requests this court to reverse the judgment of the trial court and to remand this cause to the trial court for trial and for all other just and proper relief." App. Br., p. 8

It is stated in ILE Criminal Law, Section 95:

> "No matter how irregular the proceedings have been, one who has been tried in a competent court and acquitted on the merits cannot be placed on trial again for the same offense, either by granting the state a new trial or otherwise. Thus, although the court may have prevented the state from entering a nolle prosequi or may have misdirected the jury or may have admitted illegal or rejected legal evidence, and though the verdict may be against the weight of the evidence, a verdict and judgment of acquittal on indictment are conclusive, and the defendant cannot be again put in jeopardy for the same offense."

We do not have the authority to grant the state the relief it requests—a new trial—or, in fact, any other relief. The state has not asked us to rule on this case as a reserved question of law, and we have no idea whether the state would even desire such an opinion.

Based on the above, this appeal should be dismissed.