**STATE of Indiana, Appellant,**

v.

**Charles R. ALBRIGHT, Appellee.**

No. 11S01–9404–CR–344.

Supreme Court of Indiana.

April 14, 1994.

Pamela Carter, Atty. Gen., of Indiana and Geoff Davis, Deputy Atty. Gen., for appellant.

William G. Smock, Terre Haute, for appellee.

ON PETITION TO TRANSFER

GIVAN, Justice.

In an opinion reported at 622 N.E.2d 995, the Court of Appeals affirmed the trial court's order granting appellee's motion to suppress the results of an Intoxilyzer test. They held that the administration of the third Intoxilyzer test was commenced within the twenty minute observation period in violation of Ind.Admin.Code tit. 260, r. 1.1–4–4(1) (1993).

Judge Shields wrote a dissenting opinion in which she concluded that the administration of the Intoxilyzer test was given more than twenty minutes after the observation period and therefore the court should have reversed the trial court's decision to suppress the results of the Intoxilyzer test.

Administrative Code tit. 260, r. 1.1–4–4(1) (1993) requires a twenty minute waiting period prior to the administration of the Intoxilyzer test, during which time the subject may not have had any foreign substance in his mouth. This requirement relates to the reliability of the results, because foreign substances may alter the blood-alcohol content reading. *Tyner v. State* (1987), Ind.App., 503 N.E.2d 444. Therefore, the State must prove that the test was administered in the proper manner.

In the case at bar, the evidence is undisputed that Officer Jones gave appellee an initial Intoxilyzer test following which he saw some fragments of what appeared to be the hull off of some peanuts which appellee must have had hidden in his mouth. Officer Jones also testified that he immediately gave appellee a second test and then waited twenty-four

or twenty-five minutes before he administered the third test. On the third test, appellee's blood-alcohol content registered .18% which served as the basis for the charge of Driving While Intoxicated.

The Court of Appeals opined that Officer Jones confirmed on cross-examination that the three Intoxilyzer tests were administered at 3:14, 3:18, and 3:38 a.m. However, this Court's review of the record finds no such confirmation. The figures "3:14," "3:18," and "3:38" only appear once during the cross-examination of Officer Jones at the suppression hearing for the Intoxilyzer test. The following is the relevant portion of Officer Jones' cross-examination:

Q. You did not [check the department time and compare it to the display time] on the first test, second test or third test?

A. No.

Q. The one at 3:14, 3:18 or 3:38?

A. No, I compared it with my watch, not the department time.

Judge Shields correctly states in her dissent that appellee's counsel's question, to which Officer Jones responded in the negative, is not evidence that the second Intoxilyzer test occurred at 3:18 a.m. nor is it evidence that the third test occurred at 3:38 a.m. Therefore, Officer Jones' testimony that he waited twenty-four or twenty-five minutes before administering the third Intoxilyzer test is uncontradicted. Based on the uncontradicted evidence in this case, it seems clear that Officer Jones gave the appellee the test after the twenty minute observational period. The State has met its burden of showing that the Intoxilyzer test was administered properly. The trial court erred in suppressing the results of the Intoxilyzer test.

We grant transfer and reverse the trial court.

SHEPARD, C.J., and SULLIVAN, J., concur.

DeBRULER, J., dissents with separate opinion in which DICKSON, J., concurs.

DeBRULER, Justice, dissenting.

Filed as part of the charging instrument is a copy of a printed checklist filled out by Trooper Jones reciting that the first test was administered at 3:14 a.m. This checklist was specifically referred to repeatedly by Jones in his testimony at the suppression hearing, without however mentioning that specific time. The checklist itself was not offered as evidence.

Also filed as part of the charging instrument is an affidavit of probable cause executed by Jones reciting that the third test was administered to appellant at 3:38 a.m. The affidavit was not offered as evidence.

When defense counsel specified the times of 3:14, 3:18, and 3:38 in his question to Jones on cross, counsel did not draw them out of thin air, but instead drew them from record documents created by Jones and filed by the prosecution as part of the pleadings. It is no wonder that Jones, a specially trained technician, with full awareness of time requirements for testing, did not balk at the question. He knew that the times 3:14 and 3:38 had been set down by his own hand.

The Jones affidavit and the Jones checklist cannot be considered as proof of any fact. In my opinion, they can be considered as an aid to the court in understanding what Jones did say and mean in responding to the question on cross which used those particular times. Analogously, a dictionary is not evidence, but nevertheless may properly be used by the trier of fact in considering the evidence. *See Payton v. State* (1982), Ind.App., 430 N.E.2d 1175. The information or indictment is not evidence, but may properly be used by the trier of fact to "weigh the evidence in light of the charge." *U.S. v. Garcia*, 562 F.2d 411, 417 (7th Cir.1977); *see Thomas v. State* (1972), 259 Ind. 537, 289 N.E.2d 508. A view of the actual scene of a relevant event by the trier of fact does not provide evidence, but is allowed so that the trier of fact may "better understand the testimony given by the witnesses at trial." *Jackson v. State* (1992), Ind., 597 N.E.2d 950. Understood in this vein, the question and answer of the witness at trial constitute an affirmation of the spe-

cific times for each of the three tests. The question was not a trick. It was a short cut.

There is a second independent reason to read this record as did Judges Najam and Baker. There are important inferences to be drawn from the evidence given at the hearing. The majority ignores these inferences. Jones testified that he arrested appellant at 2:48 a.m. and drove him a half block to the station house where he promptly administered an initial test. He testified that the second took place almost immediately after the first and that he waited twenty-five minutes after the second and the mouth rinse, before administering the third. It is apparent that these times coincide with times specified in the question. In this light, an inference arises from the evidence as a whole that the three tests occurred at the times specified in the question.

The Jones' recital in his testimony that he waited "twenty-four or twenty-five minutes after having him rinse out his mouth ..." before administering the third and crucial test is contradicted by competing inferences from the record. It may be properly inferred from the record that a period of twenty minutes intervened between the second and third tests, and that the first few minutes of that period could not be counted as part of the required twenty minute waiting period because during those minutes appellant was engaged in washing his mouth out and having it checked for debris. Since the proof of the required waiting period is not without contradiction, the resolution of the motion by the trial court against the party bearing the burden to prove the required waiting period cannot be overturned on appeal. *Burris v. State* (1990), Ind., 558 N.E.2d 1067. I would affirm the decision of the trial court.

DICKSON, J., concurs.