**STATE of Indiana, Appellant–Plaintiff,**

v.

**Dennis K. SMITH, Appellee–Defendant.**

No. 11A01–9308–CR–262.[1]

Court of Appeals of Indiana,
First District.

Sept. 6, 1994.

Rehearing Denied Dec. 9, 1994.

1. This case was transferred to this office August 2, 1994, by direction of the Chief Judge.

Pamela Carter, Atty. Gen., Preston Black, Deputy Atty. Gen., Indianapolis, for appellant.

John A. Kesler, Sr., Kesler & Kesler, Terre Haute, for appellee.

ROBERTSON, Judge.

The State of Indiana brings this appeal, under Ind.Code 35–38–4–2(5), asserting the trial court erred in granting Dennis K. Smith's motion to suppress evidence that he had operated his vehicle while intoxicated. We reverse.

## FACTS

The facts in the light most favorable to the trial court's determination reveal that on December 11, 1992, at approximately 11:00 p.m., Indiana State Police Officer Daniel Jones heard a dispatch broadcast by the Putnamville State Police Post concerning a possible drunk driver. The dispatch, based on a 911 call and citizens band [CB] radio reports from truck drivers, advised that a potential drunk driver was traveling westbound on I–70 near the Clay–Putnam County line in a grey Dodge Dakota pickup. The citizens making the report to the police stated that the pickup had gone into the median of the interstate and had weaved from lane to lane. The license plate number of the pickup had been reported.

An off-duty Indiana State Police Officer heard the dispatch, observed the grey pickup, and began to follow it. This officer radioed Officer Jones to tell him that he had spotted the pickup and was following it.

Officer Jones had a hard time turning around on the interstate because of the traffic and he did not catch up to the pickup for about two miles. As he overtook the pickup, a truck driver identified it over a CB radio as the one that had crossed into the median. Officer Jones observed that the pickup's license plate number was the one identified in the police dispatch. Although Officer Jones had not personally observed the pickup involved in any traffic violations, he pulled it over.

Smith was the driver of the pickup. Jones immediately smelled alcohol on Smith's

breath and noted his slurred speech and watery eyes. Smith failed three sobriety tests. The Intoxilyzer breath test revealed that Smith had a blood alcohol content of 0.20% (twice the legal limit).

Smith filed a motion to suppress. The trial court granted Smith's motion, finding the stop was illegal because no police officer had personally observed any violation of traffic laws or impaired driving. This appeal ensued.

## DECISION

■ Even a brief stop of an automobile and detention of its occupants constitutes a seizure under the Fourth Amendment of the United States Constitution and Art. I, § 11 of the Indiana Constitution. *State v. Nesius* (1990), Ind.App., 548 N.E.2d 1201. The State has the burden of proving that the investigatory stop of an automobile was not violative of the constitutional protections against unreasonable search and seizures. *State v. McLaughlin* (1984), Ind.App., 471 N.E.2d 1125, *trans. denied.* Therefore, the State is appealing from a negative judgment and must show the trial court's ruling on the suppression motion was contrary to law. *State v. Albright* (1993), Ind.App., 622 N.E.2d 995, *vacated on other grounds,* (1994), Ind., 632 N.E.2d 725. We will reverse a negative judgment only when the evidence is without conflict and all reasonable inferences lead to a conclusion opposite that of the trial court. *Id.* We consider only the evidence most favorable to the judgment and do not weigh the evidence or assess the credibility of the witnesses. *Id.*

■ Under appropriate circumstances, the police may stop a vehicle to briefly investigate the possibility of criminal activity, without having probable cause to make an arrest. *Nesius,* 548 N.E.2d 1201. In order to justify an investigatory stop, the police officer must be able to point to specific and articulable facts which, when considered together with the rational inferences drawn from those facts, create a reasonable suspicion of criminal conduct on the part of the vehicle's occupants. *Id.* Based on the totality of the circumstances, the detaining officer must have a particularized and objective basis for suspecting the driver stopped of criminal activity. *Id.* The reasonable suspicion justifying a·limited investigative stop of an automobile does not give the police officer all the rights attendant to an arrest, but only gives the police officer the right to temporarily freeze the situation in order to make an investigative inquiry. *Platt v. State* (1992), Ind., 589 N.E.2d 222.

■ A police officer may make an investigatory stop of an automobile based upon information from a police dispatcher that a concerned citizen had reported that the automobile was being driven erratically. *State v. Springmier* (1990), Ind.App., 559 N.E.2d 319. In *Springmier,* we held the police dispatch report of the possible drunk driver, which had described the vehicle, its location, and the direction it was traveling, gave the police officer a reasonable suspicion based on specific and articulable facts (and the rational inferences to be drawn from those facts), that the driver of the automobile had committed a crime. *Id.* at 320, 321. Thus, in *Springmier,* we held the trial court erred in granting the defendant's motion to suppress. *Id.* at 321.

Moreover, our supreme court has held that where police officers act in good faith reliance on a police dispatch report that a crime has been committed, there is no need to show that the source of the dispatcher's information is reliable. *Moody v. State* (1983), Ind., 448 N.E.2d 660. In *Moody,* police officers stopped and searched a car based on a dispatcher's report of a robbery and the description of the robbers and their car. Even though it turned out that the robbery which had been reported by the police dispatch was not the robbery with which the defendant was ultimately charged, our supreme court noted that it was "ludicrous" to assert the police officer must obtain additional facts to corroborate the dispatcher's report before effecting an investigatory stop. *Id.* at 663.

■ In the present case, Officer Jones responded to a police dispatch report identi-

fying a grey Dodge Dakota pickup, complete with its license plate number, as being driven erratically. Based upon the authority cited above, we hold, as a matter of law, that the specific and articulable facts possessed by Officer Jones gave him a reasonable suspicion that Smith's pickup was being operated by an impaired driver sufficient to sustain the legality of the investigatory stop. Therefore, the trial court's ruling on the motion to suppress is contrary to law and we must reverse.

Judgment reversed.

NAJAM and STATON, JJ., concur.